**UNITED STATES**

v.

**Walter Nathan BABCOCK, 410 04 7657, Radioman Seaman (E–3), U. S. Naval Reserve.**

**NCM 80 0998.**

U. S. Navy Court of Military Review.

Sentence Adjudged 10 Nov. 1979.

Decided 29 Sept. 1980.

LT Patrick A. Fayle, JAGC, USN, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and EDWARDS, JJ.

CEDARBURG, Chief Judge:

Appellant was convicted, contrary to his pleas at a general court–martial, of one specification alleging an attempted violation of Article 1151, *U. S. Navy Regulations, 1973*, through an alteration of a medical prescription, charged as an offense under Article 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 881; ten specifications alleging various wrongful possessions, transfers, use or sales of marijuana and one specification alleging the wrongful sale of heroin, under a Charge citing Article 92, UCMJ, 10 U.S.C. § 892; and one specification under a Charge alleging as a violation of Article 134, UCMJ, 10 U.S.C. § 934, the unlawful alteration of a public record, a medical prescription. For these offenses, the officer and enlisted members of the court sentenced appellant to reduction to pay grade E–1, confinement at hard labor for 3 years, forfeiture of $200.00 per month for 36 months, and a bad–conduct discharge. In view of the lack of a verbatim transcript for a portion of the record, containing testimony of a prosecution witness concerning Charge III, that Charge and its sole specification were dismissed by the substitute convening authority, the original authority having excused himself because of a grant of immunity to a Government witness. The sentence was thereupon reassessed to reduction to pay grade E–1, confinement at hard labor for 30 months, forfeiture of $200.00 pay per month for 30 months, and a bad–conduct discharge, and was approved by the convening authority.

In reviewing appellant's assignments of error, this Court requested and did receive expanded briefs on the following issue:

Whether error was committed when the members found appellant guilty as

charged of allegations which included a period of time outside the statute of limitations, there being no indication as to when, with more specificity, the members believed beyond a reasonable doubt that the alleged offenses were in fact committed.

This issue was an outgrowth, in part, of inartful drafting of specifications 1, 2 and 3 of Charge II; those specifications alleged that appellant's wrongful use, possession and transfer of marijuana occurred at "diverse times from September 1977 to early December 1977." The statute of limitations would bar prosecution for any offense encompassed therein which occurred prior to 13 September 1977, sworn charges having been received only on 13 September 1979. Our review of the testimony of record pertinent to these specifications, presented by a witness of somewhat suspect credibility and memory, reveals that on direct examination the witness believed the offense occurred in either October or December of 1977, (R. 76–79), that on cross–examination he conceded he was not too sure when the offense occurred but that it was very possible it could have been in September of 1977, (R. 96), but that on redirect, although not able to remember the exact date, he believed it happened in October of 1977. (R. 107).

At trial, defense counsel moved for a finding of not guilty as to specifications 1, 2 and 3 of Charge I (actually Charge II), based on the possibility that the offenses could have occurred before 13 September 1977 and that, therefore, they would be barred by the statute of limitations. The military judge opined, however, that the members could find the offenses had occurred at some point thereafter, and hearing no authority from the defense for their proposition, indicated that the motion was close to spurious and denied it.

We do not find that trial defense counsel's motion approached spuriousness. We also are unable to find any direct or peripheral authority holding on the exact issue. The absence of definitive authority on an esoteric issue does not indicate necessarily that the issue is spurious; rather it can be a consequence of an unprecedented set of facts or the failure previously to recognize and frame a legitimate issue. The issue having been raised, although not exactly as we have refined it, several options were available to the military judge. He could have instructed the members that they should return with findings relative to specifications 1, 2 and 3 of Charge II as to when the offenses occurred if they found beyond reasonable doubt that the offenses were committed. As an additional option, the judge could have granted the motion for a finding of not guilty as to so much of the specification as alleged an offense which occurred before 13 September 1977. *See* paragraphs 67*e* and 68*c*, *Manual for Courts–Martial, 1969 (Rev.) (MCM).* The military judge also could have permitted amendment of so much of the specification as brought the allegation within the period of time over which trial was not barred by the statute. None of these options were taken, however, and the specification went before the members without modification and without any instructions beyond those generally advising on exceptions and substitutions. When findings were made, the president announced findings of guilty to those specifications as charged.

This Court "may affirm only such findings of guilty . . . as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). As relevant to this case, Article 43(c), 10 U.S.C. § 843(c) mandates that:

a person charged with any offense is not liable to be *tried* by court–martial or *punished* under section 815 of this title (article 15) if the offense was committed more than two years before the receipt of sworn charges and specifications by an officer exercising summary court–martial jurisdiction over the command or before the imposition of punishment under section 815 of this title (article 15).

(Emphasis added). In this case appellant was tried and punished for three multiplicious offenses, which as charged could possibly have occurred between 1 September

and 13 September 1977. We cannot speculate as to when the members believed the offenses, in fact, took place; similarly, reviewing the record as a whole, we will not substitute our judgment for that of the members, especially given the inability of the witness to give even a close, positive estimation of when the offenses occurred. As we read the record it is possible that the offenses took place before, rather than after, 13 September 1977. We are thus unable, either in law or fact, to affirm the findings of guilty as to specifications 1, 2 and 3 of Charge II.

We have examined the remaining assignments of error, as well as the Government's reply thereto, and find no error materially prejudicial to the substantial rights of appellant. The findings as to specifications 1, 2 and 3 of Charge II are set aside and ordered dismissed.

The remaining findings of guilty are affirmed. After reassessment, so much of the sentence as provides for reduction to E–1, forfeiture of $200.00 per month for 27 months, confinement at hard labor for 27 months, and a bad–conduct discharge is approved.

Judge SANDERS and Judge EDWARDS concur.