**UNITED STATES**

v.

**James C. WHITE, 568 68 0822, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 83 0348.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 28 Sept. 1982.

Decided 17 May 1983.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

CDR W.J. Hughes, JAGC, USN, Appellate Government Counsel.

LT W. David Paxton, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and MAY and CASSEL, JJ.

PER CURIAM:

Tried by military judge alone, appellant was found guilty at a special court-martial of two specifications under Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, alleging absences in excess of two years and four months, respectively. Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for four months, forfeitures of $300.00 pay per month for four months, and reduction to E–1. The convening authority approved the sentence as awarded, however, the supervisory authority disapproved all confinement in excess of eighty-seven days.

Having received the record of trial without specific assignment of error, this Court requested briefs from both appellate counsel addressing:

I

WHETHER APPELLANT'S CONVICTION OF SPECIFICATION 1 OF THE CHARGE, ALLEGING UNAUTHORIZED ABSENCE FROM 9 OCTOBER 1979 TO 15 APRIL 1982 IS BARRED BY THE RUNNING OF THE STATUTE OF LIMITATIONS. ARTICLE 43, UNIFORM CODE OF MILITARY JUSTICE; PARAGRAPH 68c, *MANUAL FOR COURTS-MARTIAL, 1969 (REV.)*.

II

WHETHER, IF ABOVE CONVICTION IS SO BARRED, THE CASE SHOULD BE RETURNED FOR REHEARING OR SENTENCE SHOULD BE REASSESSED BY THIS COURT. *UNITED STATES V. VOORHEES*, 4 USCMA 509, 16 CMR 83, 116–18 (1954).

Paragraph 68c, *Manual for Courts-Martial, 1969 (Rev.)*, provides that where a possible defense based upon the statute of limitations is evident from the charge sheet, the military judge will advise an accused of that defense "unless it otherwise affirmatively appears that the accused is aware of his rights in this regard."

While the accused may relinquish the defense, a knowing, voluntary waiver

**808**

must be evident on the record. *United States v. Troxell,* 12 U.S.C.M.A. 6, 30 C.M.R. 6 (1960). *See United States v. Simpson,* 11 M.J. 715 (N.M.C.M.R.1981). As both counsel concede a delay in the instant case in excess of the statutory period, remedial action is required absent an appropriate inquiry by the military judge or an informed waiver manifested in the record. An affidavit submitted by trial defense counsel indicates that the statute of limitations defense was discussed with appellant prior to trial, yet purposely was disregarded after appellant expressed his desire for a punitive discharge. That affidavit, while illuminating, is not considered a part of the "record" and will not serve to remedy a crucial deficiency in the trial proceedings. *See United States v. Weaver,* 1 M.J. 111, 114, n. 1 (C.M.A.1975); *United States v. Bethea,* 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973). Absent an appropriate inquiry by the military judge or some indicia of an informed waiver evident at trial, we cannot presume that appellant was aware of the substantial right conferred by Article 43, UCMJ, 10 U.S.C. § 843, or that the defense consciously was waived. *United States v. Rodgers,* 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957). The silent record presently before this Court requires that we reverse the finding as to specification 1.

 In dismissing the lengthier period of unauthorized absence, we conclude that a fair and just determination of sentence does not require that the case be remanded to the trial court. *See United States v. Stene,* 7 U.S.C.M.A. 277, 22 C.M.R. 67 (1956). Appellant remains guilty of an unauthorized absence exceeding four months. At trial he clearly exhibited minimal potential for rehabilitation. Upon reassessment, a bad-conduct discharge and eighty-seven days confinement seems quite appropriate for this appellant and this offense.

Accordingly, the finding relative to specification 1 of the Charge is reversed and the specification ordered dismissed. In light of the remaining specification, we approve only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for eighty-seven days, and reduction to E–1.