**UNITED STATES**

v.

**Frank W. REED, 508 82 1795, Boiler Technician Fireman (E–3), U.S. Navy.**

**NMCM 84 3350.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 30 July 1984.

Decided 15 Nov. 1984.

MAJ Patrick H. McGann, Jr., USMC, Appellate Defense Counsel.

LT Susan R. Cornell, JAGC, USNR, Appellate Defense Counsel.

LT Robert G. Sosnowski, JAGC, USNR, Appellate Government Counsel.

Before EOFF, C.J., and MAY and RAPP, JJ.

PER CURIAM:

We have examined the record of trial, the clemency petitions of the appellant and the trial defense counsel, the assignment of error, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

Appellant was convicted by general court-martial, military judge alone, of violating Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, through a single unauthorized absence extending for slightly less than six years. He was sentenced to a bad conduct discharge, confinement at hard labor for seven months, and reduction to pay grade E–1. Appellate defense counsel has alleged error in the military judge's failure to dismiss the specification due to the expiration of the statute of limitations. The issue was not litigated at trial.

The record shows that appellant's unauthorized absence commenced on 30 June 1978. The charges were received by an officer exercising summary court-martial jurisdiction over appellant on 30 June 1980. We judicially notice that the years of 1978 and 1979 each contained 365 days, while 1980, a leap year, contained 366 days.

■ Article 43(c), 10 U.S.C. § 843(c), UCMJ, states, *inter alia*, that a person is not liable to be tried by court-martial for certain offenses, including unauthorized absence, "if the offense was committed more than two years before the receipt of sworn charges and specifications" by an appropriate officer. Unauthorized absence is not a continuing offense, but instead is committed at the inception of the absence. *United States v. Francis*, 15 M.J. 424 (C.M.A.1983); *United States v. Lynch*, 22 U.S.C.

 

M.A. 457, 47 C.M.R. 498 (1973). Thus, we must determine if the appellant's absence commenced "more than two years" before 30 June 1980. In the absence of a definition for "year" in the UCMJ, we agree with the appellate government and defense counsels that the best alternative is adoption of the definition in federal case law, where the term is construed to mean a "calendar year" totalling 365 days in normal years and 366 days in a leap year. *Gammons v. Domestic Loans of Winston-Salem, Inc.,* 423 F.Supp. 819 (M.D.N.C. 1976).

Our inquiry cannot end at this point, however, but must further establish the exact point at which the statute of limitations begins to run. Finding no indication in the UCMJ or any military case directly on point, we again turn to federal case law. Under common law the period of a statute of limitations excludes the date of the offense and begins to run on the following day, concluding on the day necessary action is accomplished to toll the statute. 86 C.J.S. *Time* § 13(11) (1954). Federal case law follows this rule. *United States v. Wiggins,* 64 F.2d 950 (9th Cir.1933), *certiorari denied,* 290 U.S. 657, 54 S.Ct. 72, 78 L.Ed. 569 (1933); *United States v. Horwitz,* 247 F.Supp. 412 (N.D.Ill.1965); *United States v. Mahler,* 181 F.Supp. 900 (S.D. N.Y.1960); *United States v. Mathis,* 28 F.Supp. 582 (D.N.J.1939); *cf. Burnet v. Willingham Loan & Trust Company,* 282 U.S. 437, 51 S.Ct. 185, 75 L.Ed. 448 (1931). Also *United States v. Babcock,* 10 M.J. 503 (N.C.M.R.1980) implicitly supports this conclusion. As a result, in the present case the two-year period specified in Article 43(c) began to run on 1 July 1978. As such period totalled 731 days (365 plus 366), it would then have ended on 30 June 1980, so that the statute of limitations was seasonably tolled, and the military judge did not err in failing to dismiss the specification.

The convening authority in his action erroneously purported to execute the sentence. Paragraph 88d, *Manual for Courts-Martial, 1969 (Rev.).* This portion of the convening authority's action is inval-

id. The findings of guilty and sentence, as approved on review below, are affirmed.