**UNITED STATES**

v.

**John A. SHINAULT, 257 86 8248, Interior Communications Electrician Chief (E-7), U.S. Navy.**

**NMCM 88 3383.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 13 April 1988.

Decided 31 March 1989.

Lt. Teresa A. McPalmer, JAGC, USNR, Appellate Defense Counsel.

Lt. Jacob R. Walker, JAGC, USNR, Appellate Defense Counsel.

Lt.Col. Eugene A. Ritti, USMCR, Appellate Defense Counsel.

Lt.Col. Joseph S. Uberman, USMC, Appellate Government Counsel.

Before RILEY, Senior Judge, and McLERAN and MIELCZARSKI, JJ.

MIELCZARSKI, Judge:

In accordance with his pleas, the appellant was convicted by a general court-martial, military judge alone, of one specification of rape, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, and one specification of indecent liberties with a child, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] He was sentenced to confinement for 10 years, total forfeitures of pay, a reduction in rate to pay grade E-1, and a dishonorable discharge. Pursuant to the pretrial agreement, the convening authority ap-

---

1. The appellant pleaded not guilty to other charges and specifications and they were subsequently withdrawn, with prejudice, by the prosecution.

proved only 5 years of confinement, the reduction in rate and a bad-conduct discharge; also, again pursuant to the agreement, he suspended for a period of 1 year from the date of trial the amount of confinement which exceeded 3 years. Appellate defense counsel originally submitted the case for review without specific assignments of error. After initial review, we specified the following issues:

## I

WHETHER PROSECUTION OF THE OFFENSE OF RAPE CHARGED IN SPECIFICATION 1 OF CHARGE I WAS BARRED BY THE STATUTE OF LIMITATIONS IN EFFECT AT THE TIME OF THE OFFENSE? *SEE* ARTICLE 43(b), UNIFORM CODE OF MILITARY JUSTICE, 10 U.S.C. § 843(b), THEN EXTANT. IF SO,

## II

WHETHER APPELLANT'S GUILTY PLEA TO THE SAID RAPE OFFENSE WAS IMPROVIDENT? *SEE* ARTICLE 45(a), UNIFORM CODE OF MILITARY JUSTICE, 10 U.S.C. § 845(a). *SEE ALSO UNITED STATES V. SALTER,* 20 M.J. 116 (C.M.A.1985); *UNITED STATES V. TROXELL,* 12 U.S.C.M.A. 6, 30 C.M.R. 6 (1960); *UNITED STATES V. ROGERS* [SIC], 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957); *UNITED STATES V. WHITE,* 16 M.J. 806 (NMCMR 1983); *UNITED STATES V. CLEMENS,* 4 M.J. 791 (NCMR 1978).

During providency, the appellant admitted that the rape offense took place in February, 1984. The charge was not received by a summary court-martial convening authority, however, until 6 April 1988,

over 4 years later. At the time of the offense, the statute of limitations for rape was 3 years. 10 U.S.C. § 843 (1982) (amended 1986). The appellant now contends, and the Government concedes, that the statute of limitations had run, and because there was not a knowing waiver of the statute of limitations during the providence inquiry, the plea was improvident. *Salter,* 20 M.J. 116. We agree, and therefore set aside the findings of guilty as to Charge I and Specification 1 of Charge I, and they are ordered dismissed. We affirm the findings of guilty as to Charge III and Specification 5 of Charge III.

Because we are unable to reliably determine what sentence would have been imposed by the court-martial had the appellant been convicted only of the indecent liberties specification, *see United States v. Sales,* 22 M.J. 305 (C.M.A.1986), and because the appellant has requested a rehearing on the sentence, the sentence is set aside and the record of trial is returned to the convening authority who may order a rehearing on the sentence for Specification 5 of Charge III. Furthermore, we order that upon completion of the convening authority's action, the record of trial is to be returned to this Court for further review. *United States v. Boudreaux,* 26 M.J. 879 (NMCMR 1988).

Senior Judge RILEY and Judge McLERAN concur.