**UNITED STATES**

v.

**Albert J. SOUZA, 016 30 3765, Gunnery Sergeant (E–7), U.S. Marine Corps.**

**NMCM 89 2803.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 12 June 1989.

Decided 15 March 1990.

---

Lt. Robert E. Wallace, JAGC, USNR, Appellate Defense Counsel.

Lt. Kirk A. Ludwig, JAGC, USNR, Appellate Government Counsel.

Before McLERAN, Senior Judge, and HILTON and RUBENS, JJ.

PER CURIAM:

We have examined the record of trial, the two assignments of error, and the Government's response. Appellant alleges that Charge I and its two specifications and Specifications 1 through 3 of Charge II were barred by the statute of limitations and, thus, that appellant's guilty pleas to these offenses were improvident. There are no allegations of error with respect to Specifications 4 and 5, Charge II.

The two specifications of Charge I and Specifications 1 through 3 of Charge II allege two specifications of sodomy between January 1985 and August 1988, two specifications of indecent acts between January 1985 and June 1988, and one specification of indecent acts between April 1984 and August 1986, respectively. It appears that offenses which occurred during portions of these periods would be barred by the applicable statute of limitations unless waived. The military judge, however, did not secure an affirmative, knowing waiver of the statute of limitations defense from appellant. *United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957).

The Government concedes error with respect to Specification 1, Charge I, and Specification 3, Charge II. We agree that it is impossible to determine from the providency inquiry when these offenses occurred. Accordingly, we will set these findings of guilty aside. The Government, however, argues that the findings (or modified findings) may be affirmed with respect to Specification 2, Charge I, and Specifications 1 and 2, Charge II. We agree in part.

In Specification 2, Charge I, the Government alleged that appellant committed sodomy with one of his daughters on two occasions between January 1985 and August 1989. We note that the applicable statute of limitations for sodomy committed prior to 14 November 1986 was three years. *Cf. United States v. Shinault*, 28 M.J. 666 (NMCMR 1989) (prosecution for rape committed in 1984 barred by statute of limitations *in effect at time of the offense*). The officer exercising summary court-martial convening authority receipted for the sworn charges in this case on 11 April 1989. Thus, sodomy offenses which occurred prior to 11 April 1986 were potentially barred by the statute of limitations. The military judge asked appellant during the providency inquiry when these two offenses occurred. He replied: "[i]t happened on two occasions—in August—in January '85 until August '88—the other occasion; and one was in Twentynine Palms, and the second one was in Oceanside, California, Sir." After considering this statement in its entirety and in context, we find that appellant admitted committing an act of sodomy in August 1988, a time not barred by the statute of limitations. We note particularly the juxtaposition between the language "August '88" and "the other occasion". *Cf. United States v. Glenn*, 29 M.J. 696, 699 (ACMR 1989); *United States v. Babcock*, 10 M.J. 503, 505 (NMCMR 1980) (both dealing with the application of the statute of limitations when the appellant has pled not guilty). Accordingly, we may modify this finding and affirm.

In Specification 1, Charge II, the Government alleged that appellant committed specified indecent acts with one of his daughters "on divers occasions between January 1985 and June 1988." We note that the statute of limitations for indecent acts committed prior to 14 November 1986

was two years. Thus, under the facts of this case indecent acts which occurred prior to 11 April 1987 were potentially barred. During the providency inquiry appellant stated that he stopped committing these alleged indecent acts in January 1988, thereby admitting that he committed at least one that month. Accordingly, we may modify this finding and affirm.

■ In Specification 2, Charge II, the Government alleged that appellant committed specified indecent acts with one of his daughters "on divers occasions between January 1985 and June 1988." Unlike Specification 1, Charge II, however, where appellant stated that he stopped committing the offense during a particular month, appellant here told the military judge that he did this "numerous times" during the period but did not provide further specificity. We are not sufficiently convinced that any of these acts occurred during the period which is not barred by the statute of limitations and will set this offense aside.

Accordingly, the findings of guilty of Specification 1, Charge I, and Specifications 2 and 3, Charge II, are set aside and, in the interests of judicial economy, dismissed. The findings of guilty of Specifications 4 and 5, Charge II, and of Charge II are affirmed. The finding of guilty of Specification 2, Charge I, is modified by deleting "on two occasions between January 1985 and" and substituting "in." The findings of guilty of this specification, as modified, and of Charge I are affirmed. The finding of guilty of Specification 1, Charge II, is modified by deleting "on divers occasions between January 1985 and" and substituting "in." This specification, as modified, is affirmed.

Appellant's second assignment of error is moot because we must reassess the sentence. The officer members sentenced appellant to confinement for thirty months and reduction to E–6. The convening authority approved the sentence but suspended most of the confinement. Upon reassessment, we affirm only so much of the sentence as provides for reduction to E–6 (and to E–1 by automatic reduction) and confinement for twenty-four months (as suspended).