977 F.2d 551
 24 Fed.R.Serv.3d 256
 Charles Edwin LEE, Kathleen Otts Lee, Plaintiffs-Appellees,
Cross-Appellants,
v.
UNITED STATES of America, United States Department of the
Navy, Servicemen's Group Life Insurance, Defendants,
Prudential Insurance Company, Servicemen's Group Life
Insurance Division, Defendant-Appellant, Cross-Appellee.
 No. 91-7077.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 18, 1992.
Rehearing Denied March 29, 1993.
 
 J. Mason Davis, Jr., John R. Chiles, James Stanley Roberts, Jr., Birmingham, Ala., for appellant.
 Timothy Ray Wadsworth, Sulligent, Ala., for appellee.
 Appeals from the United States District Court for the Northern District of Alabama.ON PETITION FOR REHEARING AND SUGGESTION OF REHEARING EN BANC
 (Opinion August 12, 1992, 967 F.2d 1569)
 Before HATCHETT and BIRCH, Circuit Judges, and MORGAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellees Charles and Kathleen Lee ask us to reexamine our decision in Lee v. United States, 967 F.2d 1569 (11th Cir.1992). Appellees' petition for rehearing is denied and, no member of this panel nor other judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the suggestion of rehearing en banc is denied. However, the opinion of this panel dated August 12, 1992 is vacated. The following opinion is entered in its place:
 
 I.
 
 2
 In this case, appellant Prudential Insurance Company ("Prudential") appeals the entry of summary judgment by the United States District Court for the Northern District of Alabama. Granting plaintiffs' motion for summary judgment, the court concluded that plaintiffs-appellees Charles and Kathleen Lee were entitled to recover life insurance benefits from their son William Lee's Servicemen's Group Life Insurance ("SGLI") policy. According to federal law, Prudential must terminate an insured's SGLI coverage "at the end of the thirty-first day of a continuous period of absence without leave." 38 U.S.C. § 768(a)(1)(B)(i) (1988). William Lee was discovered to have commenced an unauthorized absence on October 17, 1986, at 7:30 a.m. Lee had travelled to his home in Alabama to visit his sick mother before a long deployment aboard the U.S.S. Theodore Roosevelt. While absent, on November 17, 1986, at 10:04 p.m., Lee was killed in a car accident.
 
 
 3
 Prudential's claim on appeal is that the time of Lee's absence without leave should have been calculated according to the standard military method of counting the first day of absence as a whole day and not according to Federal Rule of Civil Procedure 6(a) which excludes the first day in computing a period of time. We hold that the district court's finding that Rule 6(a) should be applied to determine the number of days that William Lee was absent without leave was error. Therefore, we REVERSE the district court's grant of summary judgment to appellees, and we REMAND the case to the district court for further proceedings consistent with this opinion.*
 
 II.
 
 4
 It is the general policy of this circuit to apply Rule 6(a) to all federal statutes enacted or amended subsequent to the promulgation of Rule 6(a). Maahs v. United States, 840 F.2d 863, 867 (11th Cir.1988). However, Congress incorporated the unique military term "absence without leave" in the SGLI statute, without providing any specific definition. We must conclude, therefore, that Congress intended that the courts construing the SGLI termination provision rely on the definition of absence without leave found in the military justice system. The military calculates the period of time of an absence without leave by counting the first day. See e.g. United States v. Tunnell, 23 M.J. 110, 111 (C.M.A.1986) ("The military offense[ ] of ... unauthorized absence [is] ... committed when a service member ... absents himself."); United States v. Tunnell, 19 M.J. 819, 823 (N.M.C.M.R.1984) ("The date on which the [absence without leave] offense was committed is day one, and the count proceeds forward....").
 
 
 5
 We conclude that an accurate reading of the SGLI termination provision requires that we depart from our general policy of applying Rule 6(a) in the computation of time periods and mandates that we count the first day of Lee's absence. This method of calculation results in a conclusion that at the time of his death Lee was absent for thirty-one days, fourteen hours and thirty-four minutes. Therefore, Lee's SGLI coverage terminated prior to his death, leaving his life uninsured under SGLI. Accordingly, we REVERSE the district court's grant of the appellees' summary judgment motion and REMAND the case to the district court for proceedings consistent with this opinion.
 
 
 
 *
 The Lees cross-appeal, asserting that the Correction Board of the Department of the Navy ("Board") acted improperly in correcting their son's records without authorization, because the correction was not in his favor. See 10 U.S.C. § 1552; Doyle v. United States, 220 Ct.Cl. 285, 599 F.2d 984, 1000 (1979), cert. denied, 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980). We find this cross-appeal to be without merit. The Board's only action with respect to Lee's record was to remove his "Mark of Desertion." The Board never acted to change Lee's unauthorized absence status, and the subsequent changes to that status on the various "Reports of Casualty" with respect to Lee were merely clerical errors. Such clerical errors do not reflect the official findings of the Board, and the correction of those errors is not prohibited by 10 U.S.C. § 1552 or Doyle