# UNITED STATES v. BARBER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF IDAHO.

No. 444. Argued October 17, 18, 1910.—Decided January 3, 1911.

On an appeal under the Criminal Appeals Act of March 2, 1907, c. 2564, 34 Stat. 1246, this court can only look to the judgment which was actually entered to determine what the action of the court below was, and not to any stipulation between the parties.

The designation of a plea does not change its essential nature, and the fact that the statute of limitations is designated as a plea in abatement and not a plea in bar, is untenable.

Even if this court has not jurisdiction under the act of March 2, 1907, of an appeal by the United States from a judgment sustaining a plea in abatement, it has jurisdiction if the plea sustained was in fact one in bar and based solely on the statute of limitations.

*United States* v. *Kissel*, 218 U. S. 601, followed to effect that a special plea in bar, based on the statute of limitations, to an indictment for conspiracy under § 5440, Rev. Stat., containing allegations of continuance of conspiracy to the date of filing, is not permissible; that defense must be made under the general issue.

THE facts are stated in the opinion.

*Mr. Assistant Attorney General Fowler* for the United States.

*Mr. C. T. Bundy,* with whom *Mr. James H. Hawley, Mr. A. A. Fraser, Mr. N. H. Clapp, Mr. A. E. McCartney, Mr. Joseph G. Dudley* and *Mr. Roy P. Wilcox* were on the brief, for defendants in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

On April 14, 1908, in the District Court of the United States for the District of Idaho, an indictment was re-

turned, which, in four counts, charged James T. Barber, Sumner G. Moon, Frank Martin and Albert E. Palmer with having violated the conspiracy section of the Revised Statutes, viz., § 5440. In the court below Frank Martin was dismissed from the indictment. Palmer made no appearance, presumably not having been arrested.

The final judgment, to reverse which this writ of error was sued out, is as follows:

"Now came the attorneys for the respective parties herein and thereupon the demurrer to the third count in the indictment herein is withdrawn by the defendants. The demurrer to the second count of the indictment is confessed by complainant, and it is ordered that the demurrer and plea in abatement to the first count of the indictment be and is hereby overruled and denied. It is further ordered that plea in abatement to the fourth count of the indictment be and is hereby sustained. Thereupon counsel for the Government moved and asked that the three first counts of the indictment in the above-entitled action be *nollied;* thereupon said motion was granted and the cause dismissed; all in accordance with the direction of Hon. Robert S. Bean, district judge, who heretofore heard and took under advisement said demurrer and plea in abatement."

As by this judgment the first, second and third counts of the indictment were dismissed by the court at the request of the United States, only the action of the court on the fourth count is open for consideration. It is for the purpose of correcting such action that the United States has prosecuted this writ, doing so upon the assumption that the judgment complained of is embraced within the third class of judgments which it is provided by the act of March 2, 1907, c. 2564, 34 Stat. 1246, may be removed to this court by writ of error, viz., a judgment "sustaining a special plea in bar when the defendant has not been put in jeopardy."

It is at once to be observed that the text of the judgment purports to sustain a plea in abatement to the fourth count of the indictment, and as the act of 1907 contains no provision authorizing the review of a judgment sustaining a plea in abatement, counsel for defendants in error now urge that we are without jurisdiction, because each of the pleas upon which the judgment dismissing the indictment was based was filed as a plea in abatement and was argued as such, and the judgment "is an abatement and dismissal of the pending cause only."

Briefly the state of the record on the subject is this. By the fourth count of the indictment it was charged as follows:

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said James T. Barber, Sumner G. Moon, Albert E. Palmer, and Frank Martin, in the State and District of Idaho, and within the jurisdiction of this court, heretofore, to wit, on the first day of September, in the year nineteen hundred and one, and at the time of the committing of the several overt acts hereinafter in this indictment set forth, and continuously at all times between said first day of September, in the year nineteen hundred and one, and the day of the presenting and filing of this indictment, did unlawfully conspire, combine, confederate, and agree together and with Frank Steunenberg, William Sweet, John Kinkaid, Louis M. Pritchard, John I. Wells, Patrick Downs, and divers other persons whose names are to the grand jurors unknown, knowingly, wickedly, falsely, and corruptly to defraud the United States of America out of the possession and use of and title to divers large tracts of timber lands of the United States situate in township six north, ranges four, five, six, seven, and eight east of the Boise meridian, township seven north, ranges four, five, six, seven, and eight east of the Boise meridian, and township eight north, range five east of the Boise meridian, in the county

of Boise, in the State of Idaho, and within the Boise, Idaho, land district of the United States, all of which lands were then and there public lands of the United States, with the intent and purpose unlawfully to obtain the title to said lands for the use, benefit, and profit of themselves and a certain corporation thereafter to be organized, to wit, the Barber Lumber Company, a corporation organized under the laws of the State of Wisconsin and doing business in the State of Idaho, with an office and agent at the city of Boise in said State, and ultimately to obtain the transfer of the title to said lands to said corporation. . . .''

The count next averred in substance that the object of the conspiracy was to be accomplished by unlawfully, etc., procuring a large number of persons to apply for and enter lands under the timber laws of the United States, for the use and benefit of the conspirators, upon the following understandings and agreements to be had with the proposed applicants prior to and at the time of the first application to enter the lands: *a,* that the title to lands to be applied for when acquired should enure to the use and benefit of the conspirators and the corporation; *b,* that the conspirators should select the land, furnish a description of the same to each applicant, prepare all necessary papers in connection with each application and represent the applicants before the Land Department; and, *c,* that the conspirators should advance any money needed to make a final payment, and without expense to the applicants should prepare the necessary conveyances to vest a record title to the land acquired in the conspirators and the corporation. The remainder of the count dealt with the overt acts charged to have been done in furtherance of the conspiracy. Some of the overt acts were alleged to have been committed upon dates more than three years before and others upon dates within three years of the filing of the indictment.

Barber and Moon demurred to the count, on the ground that it did not state facts sufficient to constitute an offense against or under the laws of the United States. The demurrer was argued, and at the close of the hearing leave was given "to file plea in abatement and motion to quash the indictment on account of duplicity." Each defendant thereupon filed what was denominated a "plea in abatement," which concluded with the prayer that the particular defendant might be "dismissed and discharged . . . from the premises" as to such count. The ground upon which it was insisted that the United States ought not to further prosecute was stated to be that the offense was barred "by the provisions of section 1044 of the Revised Statutes of the United States of America, in this, that more than three years have elapsed between the date of the commission of the alleged crime . . . and the date of the finding of the said indictment." Recitals were made in the plea tending to support the claim that the particular defendant was not a fugitive from justice at any time between the dates of the commission of the offense alleged and the finding of the indictment. The United States demurred to each of the pleas, and argument was had thereon. Subsequently, the judgment which we have heretofore excerpted was entered. On the same day the following stipulation was signed by counsel and filed with the papers in the case:

"The court, by order duly filed, having sustained the demurrer and plea in abatement of the defendants James T. Barber and Sumner G. Moon to the fourth count of the indictment heretofore returned and filed in the above-entitled action, it is hereby stipulated as follows:

"1st. That a nolle and order of dismissal shall, under the consent of the court, be entered in the above-entitled proceedings as to counts numbered one, two, and three thereof.

"2nd. That the demurrer and plea in abatement of the defendants to the fourth count of said indictment shall be heard and determined together, and that the order or ruling made on either shall be deemed to have been made on both."

In support of the contention that the pleas of the statute of limitations filed below should be regarded in this court, as they were designated below, as pleas in abatement, it is urged by counsel for defendants in error that the pleas presented the following propositions:

"First, conceding that the indictment alleged the *existence* of a conspiracy within three years, there was no allegation of any act within that time which could, by any possible interpretation be said to have been done to effectuate its purpose; and therefore the right to prosecute had not accrued; and second, that as all acts therein alleged which could be said to effectuate the purpose of the conspiracy were performed more than three years before filing the indictment, the government should proceed no further on this indictment."

The claim is then made "That in cases of conspiracy a plea in abatement is the proper method of raising the defense that the right to prosecute has not accrued, because no one of the conspirators has 'done an act to effectuate the object of the conspiracy.'"

Following this claim, it is urged that the defendants have by reason of the stipulation heretofore referred to, "the right to a formal judgment dismissing the action on demurrer for the reason that it does not state facts sufficient to constitute an offense." Upon this assumption it seems to be contended that the judgment should be regarded as entered on the demurrer, and as the judgment does not show that the trial court decided any question in passing on such demurrer which would give this court jurisdiction, the writ of error should be dismissed.

So far as the claim based upon the stipulation is con-

cerned, it is plainly without merit, since we can only look
to the judgment which was actually entered to determine
what was decided with respect to the fourth count, and
the court in that judgment expressly placed its decision
that the United States could not prosecute the defend-
ants upon the plea of the bar of limitations. The claim
that the pleas were not in bar but merely in abatement is
we think equally untenable. The designation of the re-
spective pleas, as a plea in abatement, did not change their
essential nature. As said by counsel for the Government,
"the plea of the statute of limitation does not question
the validity of the indictment, but is directed to the merits
of the case; and if found in favor of the defendant the
judgment is necessarily an acquittal of the defendant of
the charge, and not a mere abatement of the action; and
it has been universally classed, in both civil and criminal
procedure, as a plea in bar and not one in abatement."
The motion to dismiss the writ of error for want of juris-
diction is overruled.

Many propositions have been urged at bar in support
of the contention that the judgment complained of was
erroneous. We find it necessary, however, to consider
but one, wherein it is claimed that "a special plea in bar
is not permissible in a criminal case, but the defense of
the statute of limitations must be made under the general
issue." This contention, as applied to the character of
case now under consideration, must be sustained, upon
the authority of the recent decision in *United States* v.
*Kissel*, 218 U. S. 601. In that case it was held that
where an indictment charges a continuing conspiracy,
which is expressly alleged to have continued to the date
of the filing of the indictment, such allegation must be
denied under the general issue and not by a special plea,
and it was further decided that in reviewing, under the
act of 1907, the action of a trial court upon such a plea
"we are not concerned with the technical sufficiency or

redundancy of the indictment, or even  .  .  .  with any consideration of the nature of the overt acts alleged." That the fourth count of the indictment in the case at bar to which the pleas were directed charged a continuing conspiracy is manifest. The charge is that the defendants "did unlawfully conspire," etc., "on the first day of September, in the year nineteen hundred and one, and at the time of the committing of the several overt acts hereinafter in this indictment set forth, and continuously at all times between said first day of September, in the year nineteen hundred and one, and date of the presenting and filing of this indictment." The indictment also explicitly charges a continuing object of the conspiracy, viz., the acquisition of public land within a large area of country, which was necessarily to be obtained in small parcels, and the ability to secure which in a great measure was dependent upon the power of the conspirators from time to time to procure persons willing to make the desired unlawful entries.

*Judgment reversed.*