## UNITED STATES, Appellee

v

## HAROLD J. ARBIC, Private, U. S. Marine Corps, Appellant

### 16 USCMA 292, 36 CMR 448

No. 19,271

July 15, 1966

*Captain L. G. Bohlen,* USMC, argued the cause for Appellant, Accused.
*Lieutenant Robert A. Briggs,* USNR, argued the cause for Appellee, United States.

### Opinion of the Court

KILDAY, Judge:

Subsequent to his plea of guilty, Private Arbic was convicted by a general court-martial of violating Article 86, Uniform Code of Military Justice, 10 USC § 886. The accompanying specification alleges his absence without leave from Company I, 3d Battalion, 5th Marines, 1st Marine Division (Rein), Fleet Marine Force, Camp Pendleton, California, for the period August 15, 1962, until August 10, 1965. The sentence imposed consisted of a bad-conduct discharge, total forfeitures and confinement at hard labor for one year. Both the findings and sentence were then approved by the convening authority and affirmed by a board of review.

The case is now before this Court on petition for review, pursuant to Article 67(b)(3), Uniform Code of Military Justice, 10 USC § 867. The single issue to be considered is whether or not "the law officer committed prejudicial error when he denied the motion of defense counsel for dismissal of the charge and specification."

Is this an amended or new charge and specification? That is the question, simply put.

The record of trial discloses that Major Donahue, the accuser, signed

**292**

under oath on January 10, 1964, a charge of desertion in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, commencing August 15, 1962—the date appellant was said to have illegally absented himself from Company E, Second Battalion, 3d Marines, 3d Marine Division (Rein), Fleet Marine Force, c/o Fleet Post Office, San Francisco, California.

The swearing of the charge, and its receipt by the officer exercising summary court-martial jurisdiction on January 17, 1964, tolled the statute of limitations, for Article 43(b), Uniform Code of Military Justice, 10 USC § 843, provides, in part, that a person charged with desertion in time of peace shall not be liable for trial by court-martial if the offense was committed more than *three years* before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command. See also paragraph 68c, Manual for Courts-Martial, United States, 1951.

On August 19, 1965, the accused was informed of the charge made against him pursuant to the provisions of Article 32(b), Uniform Code of Military Justice, 10 USC § 832. However, following the Article 32 investigation, and upon the recommendation of the investigating officer, the convening authority, on September 24, 1965, ordered the charge and specification amended to allege but an unauthorized absence terminating on August 10, 1965, a violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. The specification was also amended to show appellant's correct organization. At the same time the convening authority referred the case to trial by general court-martial.

There then followed, on September 29, 1965, a further modification of the first endorsement to this charge sheet. On advice of his staff legal officer, the convening authority ordered that the specification be amended by deleting "Company 'E', Second Battalion, 3d Marines, 3d Marine Division (Rein), Fleet Marine Force, c/o Fleet Post Office, San Francisco, California," and substituting therefor, "Company 'I', 3d Battalion, 5th Marines, 1st Marine Division (Rein), Fleet Marine Force, Camp Pendleton, California." It is on this "amended" charge and specification that accused was tried and now stands convicted.

Trial defense counsel's motion for dismissal was founded on two grounds. He contended that prosecution for the charge and specification, as amended, was barred by the statute of limitations for the essence of Article 43(c), Uniform Code of Military Justice, 10 USC § 843, is that a person charged with absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, shall not be liable for trial by court-martial if the offense was committed more than *two years* before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command. Necessarily, this theory contains the obvious implication that the charge and specification as changed were new, unsworn, and therefore untriable—there being neither waiver as to the unsworn charge nor waiver of the statute of limitations by failure to object. United States v May, 1 USCMA 174, 2 CMR 80; United States v Rodgers, 8 USCMA 226, 24 CMR 36; paragraphs 67b and 60, Manual for Courts-Martial, United States, 1951.

The argument advanced at the trial level is in sum and substance that now advocated by appellate defense counsel appearing before this tribunal. In support they offer United States v Gardenshire, 5 CMR 620; United States v Hutzler, 5 CMR 661; as well as this Court's decisions in United States v Busbin, 7 USCMA 661, 23 CMR 125; and United States v Shell, 7 USCMA 646, 23 CMR 110.

Be that as it may, these cases do not control the problem at hand. Both board of review opinions are readily distinguishable for they reflect not a disparity of allegations pleaded, but rather a difference in the facts pleaded from those characterized by the court-martial's finding.

Similarly, *Busbin* and *Shell,* supra,

**293**

are equally distinguishable for, unlike the case at hand, both those accused went to trial on desertion charges, yet both were convicted of absence without leave by exceptions and substitutions. The applicability of the statute of limitations was there examined in the light of that particular variance.

Appropriately, we do possess adequate guideposts to bring the issue before us into proper focus. Plainly, Article 34 of the Uniform Code, supra, must be considered. It states:

"(a) Before directing the trial of any charge by general court-martial, the convening authority shall refer it to his staff judge advocate or legal officer for consideration and advice. The convening authority may not refer a charge to a general court-martial for trial unless he has found that the charge alleges an offense under this chapter and is warranted by evidence indicated in the report of investigation.

"(b) If the charges or specifications are not formally correct or do not conform to the substance of the evidence contained in the report of the investigating officer, formal corrections, and such changes in the charges and specifications as are needed to make them conform to the evidence, may be made."

Further assistance is found in the commentary of paragraph 33d, Manual for Courts-Martial, United States, 1951. It provides that "Obvious errors may be corrected and the charges may be redrafted over the accuser's signature, provided the redraft does not include any person, offense, or matter not fairly included in the charges as preferred. Corrections and redrafts should be initialed by the officer making them. If a change involves the inclusion of any person, offense, or matter not fairly included in the charge as preferred, new charges, consolidating all offenses which are to be charged, should be signed and sworn to by an accuser. See Article 34b."

Meaning was given to these provisions in United States v Squirrell, 2 USCMA 146, 7 CMR 22, and United

States v Brown, 4 USCMA 683, 16 CMR 257. Not only were readers there advised that we were no longer bound by the rigors of common-law pleading but, also, that a change in a specification relating to time, when not of the essence, was a permissible amendment —being a matter of form rather than substance. In sum, we said that a specification may be amended if the change does not result (1) in a different offense or in the allegation of an additional or more serious offense, or (2) in raising a substantial question as to the statute of limitations, or (3) in misleading the accused.

There then followed the case of United States v Rodgers, supra. The original charge sheet tolled the statute of limitations yet accused was tried under a second separate charge sheet showing on its face that the statute had run. In the absence of a conscious waiver we reversed the findings as to the affected offense. In distinguishing Brown, supra, we alluded to the entirely new charge sheet having a different accuser and a different convening authority. This was not merely an amendment to an original charge. We again cautioned:

"It would have been perfectly proper to have brought the accused to trial on the original charge sheet which was seasonably filed with the officer exercising summary court-martial jurisdiction. All that would have been necessary was an amendment to specification 2 of Charge II fixing the termination date of the alleged desertion. The practice of filing charges prior to the statute of limitations running its course is commendable and is to be encouraged. Paragraph 33b, Manual for Courts-Martial, supra. We inferentially approved this practice in our early decision of United States v Nichols, 2 USCMA 27, 6 CMR 27. However, if such charges are later redrafted in a new charge sheet—as distinguished from amended—the risk of running the statute of limitations is present. Modern judicial theory looks with favor upon statutes of limitations and they are liberally

construed on behalf of an accused in furtherance of their manifest objectives." [United States v Rodgers, supra, at pages 230, 231.]

For a similar factual situation resulting in the same conclusion, based upon our holding in *Rodgers, supra,* see United States v French, 9 USCMA 57, 25 CMR 319.

The reservation in *Rodgers, supra,* expressed above, became witnessed fact in United States v Spann, 10 USCMA 410, 27 CMR 484. A charge of wartime desertion preferred in 1947 was intended to toll the statute of limitations.[1] Subsequent addition of the date and manner of return to military control was deemed but an amendment. Not having changed the nature of the offense, the addendum did not destroy the original order as a bar to the running of the statute.

It must be here conceded that these views are tempered in United States v Krutsinger, 15 USCMA 235, 35 CMR 207. A change of the absent-without-leave specification at trial was deemed improper in that it aggravated the seriousness of the offense and subjected the accused to greater punishment. Nonetheless, application of *Krutsinger, supra,* is not universal. The Court there admonished that an amendment may be impermissible in one situation but perfectly valid in another. The text of the opinion makes clear that each case must stand on its own facts, tested under outlines hereinbefore discussed. Thus it was that we placed United States v Spann, supra, beyond its scope, saying:

". . . As in *Smith* [8 USCMA 178, 23 CMR 402], the amendment was accomplished before the charge was served upon the accused. We held that while, ordinarily, amending a specification alleging desertion to show termination of the period of absence by apprehension results in increasing the punishment, the possibility did not exist in that case because the original specification alleged a wartime desertion, which carried a death penalty." [United States v Krutsinger, supra, at page 238.]

Factually, then, this case is the antithesis of *Krutsinger, supra.* Indeed, the evidence before us aptly demonstrates that the appellant stands convicted of neither a basically different nor more serious offense. In truth, every element of absence without leave is to be found in desertion. Rather than being more serious in nature, it is lesser included. Even in its most derogative form it supports lesser rather than greater punishment. Paragraph 127c, Manual for Courts-Martial, United States, 1951, Addendum 1963. Too, the tolling of the statute of limitations was within the time prescribed by Article 43, Uniform Code of Military Justice, 10 USC § 843, as to both desertion and absence without leave. Lastly, accused was patently aware of

---

[1] "Under the Uniform Code wartime desertion can be punished 'at any time without limitation.' Article 43(a), Uniform Code of Military Justice, 10 USC § 843. However, as construed by the Attorney General of the United States, Articles 61 and 62 of the Articles for the Government of the Navy provided a shorter period of limitation for desertion in time of war than for desertion in time of peace. CMO 4–1922, page 11; see also United States v Meyer, 1 USCMA 164, 2 CMR 70. The limitation period was two years from the commission of the offense and 'the issuing of the order for . . . trial or punishment, unless by reason of having absented himself . . . he [the accused] shall not have been amenable to justice within that period.' Article 61, Articles for the Government of the Navy, 34 USC § 1200. The absence saving clause was construed as requiring a showing that the accused was a 'fugitive from justice.' CMO 2–1946, page 50; CMO 7–1945, pages 306, 307. We are not inclined to review the validity of this construction of the Article. Consequently, we shall consider the case as governed by the Articles for the Government of the Navy; see Manual for Courts-Martial, United States, 1951, paragraph 68c; United States v Brown, 4 USCMA 683, 16 CMR 257." [United States v Spann, 10 USCMA 410, 27 CMR 484, footnote 1, at page 412.]

the charge against him for the amendment was made prior to trial—long enough so that accused might weigh his case and then make the calculated choice of pleading guilty.

Accordingly, the issue granted is answered in the negative and the decision of the board of review is affirmed.

Judge FERGUSON concurs.

Chief Judge QUINN concurs in the result.

