UNITED STATES, Appellee,

v.

Sergeant E–5 Albert C. WHITT, 567–90–0463, United States Army, Appellant.

CM 446424.

U.S. Army Court of Military Review.

19 Dec. 1985.

---

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major John E. King, JAGC, Captain Wendell A. Hollis, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Laura G. Poston, JAGC (on brief).

Before MARDEN, PAULEY, and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was tried and convicted, contrary to his pleas, of three specifications of lewd and lascivious acts with females under the age of sixteen in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter cited as UCMJ]. He was sentenced to a bad-conduct discharge, confinement at hard labor for two years and six months, and forfeiture of all pay and allowances. The convening authority approved the sentence.

Before this Court appellant contends that the military judge erred in denying him a new Article 32, UCMJ, hearing; the evidence is legally and factually insufficient to support the findings of guilty to the charges and specifications; and, the military judge erred by denying appellant's motion to dismiss Specification 2 of the Additional Charge on the basis of the statute of limitations. We disagree, except as to the latter contention. We will reassess the sentence because of the error involved. Consideration of the issues does not require a recitation of the facts on which the conviction was based and only pertinent procedural facts will be summarized.

## I

### FACTS

Captain B was appointed as investigating officer under Article 32, UCMJ, for the original Charge and its Specification. He conducted his investigation during the month of September 1983. Evidence obtained during the investigation indicated additional misconduct and, as a result of the facts developed, an additional charge with two specifications was preferred. Major (then Captain) M. was subsequently detailed to investigate, under Article 32, UCMJ, the additional charges arising from the disclosures made at the first investigation. In December 1983 Major M. conducted his investigation and on 3 and 4 January 1984, he conducted two *ex parte* informal sessions with three witnesses, apparently in an effort to clarify some matters, including the dates of the offenses involved in the specifications of the Additional Charge. To correct the error, the convening authority, on 2 March 1984, ordered Major M. to reopen the investigation because of these *ex parte* meetings. He further ordered Major M. not to consider evidence that had not been presented in the presence of appellant and his counsel. Major M. continued his investigation on 4 and 27 April

1984. At the 4 April hearing, appellant's trial defense counsel objected to Major M's acting as the investigating officer because of the *ex parte* meetings and because the defense now intended to call Major M. as a witness.[1] It also appears that Major M's impartiality was questioned. Notwithstanding these objections, Major M. continued the investigation, called the witnesses he had interviewed *ex parte*, gave the appellant an opportunity to confront and cross-examine them, and concluded his investigation.

The military judge found Major M's actions did not statutorily disqualify him. Testing for prejudice, he further found that appellant had an opportunity, while represented by counsel, to examine, cross-examine, and be confronted by the witnesses involved in the *ex parte* discussions, and found no prejudice to appellant.

As a result of information developed during the investigation, the date of the act alleged in Specification 2 of the Additional Charge was amended from 29 April 19*83* to 29 April 19*82* (emphasis supplied), a date appearing to bar trial by reason of the statute of limitations. The offense was originally sworn to and received by the officer exercising summary court-martial authority on 4 November 1983. On 7 June 1984, the Additional Charge and both its specifications were changed by pen and ink on the original charge sheet and a new page three of the charge sheet, containing the accuser's signature, oath, date received by the summary court-martial authority and referral, was appended to the original page three. Both charges were preferred by the same accuser, but referred by different convening authorities. At trial, the military judge questioned the application of the statute of limitations to Specification 2 of the Additional Charge and subsequently ruled that the actions taken were not major amendments to the specification in question and that the two-year statute of limitations

had been tolled. In so doing the military judge relied on *United States v. Arbic*, 36 CMR 448 (CMA 1966). He further found appellant was on notice as to what he would have to defend against.

## II

## ARTICLE 32, UCMJ, INVESTIGATION

 We find that the investigating officer's poor judgement in visiting and interviewing witnesses, *ex parte*, in this case, constitutes error. An Article 32 investigating officer performs a judicial function and the American Bar Association Standards Relating to the Administration of Criminal Justice apply to such an investigation. *United States v. Payne*, 3 M.J. 354 (CMA 1977). Finding error, we must apply the test in *Payne* to determine whether the appellant was prejudiced. In that case, the Court of Military Appeals opined that "absent clear and convincing evidence to the contrary" an appellate court must reverse upon finding such an error. We conclude that the reopening of the investigation for the purpose of correcting the error and the convening authority's clear direction *not* to consider the *ex parte* discussions, together with the other evidence received on the motion, overcomes the required presumption of prejudice. We are satisfied that appellant was not prejudiced as a result of this faulty investigation.

## III

## THE STATUTE OF LIMITATIONS

 We must preliminarily decide if the military judge was correct in considering the procedure involved as an amendment, as opposed to a re-preferral. The law appears clear that receipt of charges by an officer exercising summary court-martial jurisdiction prior to the expiration of the statute of limitations is not sufficient to avoid the bar of the statute of

---

1. This language appears in the summarized Article 32, UCMJ, proceedings. The written record (Appellate Exhibit V) indicates the defense objected to Major M. because he had "become a witness." This is reinforced by the appellant's

trial defense counsel's statement that once Major M. had talked to the witness *ex parte*, "... he is a potential witness. He is a potential witness to come in and say, that's not what she said before."

limitations when a new, rather than amended, charge sheet is prepared after the statute of limitations has expired. *United States v. Arsneault*, 6 M.J. 182 (CMA 1979). We hold that the military judge was correct in denominating the actions here as an amendment. The Navy Court of Military Review, in a similar factual situation, held that use of the original charge sheet with a new page three (prepared at appellant's new command and again because of the addition of new specifications) was an amendment. *United States v. Brown*, 1 M.J. 1151 (NCMR 1977). The Navy court in that opinion carefully distinguishes *United States v. Rogers*, 24 CMR 36 (CMA 1957) (the Court of Military Appeals held there was no authority to permit the correction of charges by drafting a new charge sheet after the statute of limitations has run on some of the charges, even though the charges on both charge sheets were substantially the same) and *United States v. French*, 25 CMR 319 (CMA 1958). In both of those cases only a new charge sheet was referred to trial. In *United States v. Arbic*, 36 CMR 448 (CMA 1966), the Court of Military Appeals was faced with the question of whether certain AWOL charges, which were changed by altering the termination date and twice changing the unit alleged, were amended or were new charges. Judge Kilday, writing for the court, found them to be amended rather than new charges.

■ We next must determine whether the amendment was proper. The leading case on this question again appears to be *United States v. Arbic*, 36 CMR 448, where the Court of Military Appeals held "a specification may be amended if the change does not result (1) in a different offense or in the allegation of an additional and more serious offense, or (2) in raising a substantial question as to the statute of limitations, or (3) in misleading the accused." *Id.* at 450. We find that the change of the date by one year is not a major change resulting in a new offense. This conclusion is based upon *United States v. Brown*, 16 CMR 257 (CMA 1954), where Judge Brosman, writing for the court, examined the

effect of a change of date on charges of lewd and lascivious conduct and held "time is not of the essence" in the crime of lewd and lascivious acts and hence amendment was proper. *Cf. United States v. Simpson*, 11 M.J. 715, (NMCMR 1981). In the *Brown* case, however, Judge Brosman specifically noted that "the plea of the statute [of limitations] would not have been available to the accused with respect to the offense as it was alleged in the amended specification." *Id.* at 262.

We find in this case that the change to the date results in a matter which raises a substantial question as to the statute of limitations, and hence is proscribed under the *Arbic* doctrine. To hold otherwise would encourage pleadings originally alleging a date not within the prohibition of the statute of limitations to be later amended to a date outside the statute of limitations. Such a result would be illogical and evade the obvious purposes of the statute of limitations.

The government, perhaps anticipating our ruling, contends that we should affirm a finding of guilty of the lesser included offense of assault on a child under the age of 16 years. We decline to do so. Although finding no specific military law on this point, certain guidelines do emerge. For example, in *United States v. Brand*, 29 CMR 668 (NBR 1959), the Navy Board of Review discusses the UCMJ statute of limitations, noting that such statutes should be liberally construed and sets forth the reasons for the statute of limitations. The opinion states, " 'Rights' given under the statute consist of removal of 'liability' for trial." *Id.* at 673. Further, the case quotes from Article 43(b) and (c), UCMJ, 10 U.S.C. § 843(b, c), noting the language that an accused "shall not be liable to be tried" if the offenses were committed beyond the period allowed by the statute of limitations. "It would appear, therefore, that if the defense is presented either by a plea *in limine* or under the general issue there is no difference in the legal result, the judge-

ment is an aquittal on the merits." *United States v. Brand,* 29 CMR 668, 674.[2] This conforms to federal precedents. *United States v. Oppenheimer,* 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916); *United States v. Barber,* 219 U.S. 72, 78, 31 S.Ct. 209, 211, 55 L.Ed. 99 (1911).

Using this as a model for an analysis of the government's request, it seems difficult and contrary to logic to allow appellant to be acquitted of the lewd and lascivious acts specification, because of the statute of limitations, and yet be convicted of an assault consummated by a battery. Accordingly, as indicated before, we decline to accept this suggestion.[3]

We deem the remaining assignment of error to be without merit.

Accordingly, the finding of guilty of Specification 2 of the Additional Charge is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, total forfeiture of pay and allowances, and confinement at hard labor for two years.

Judge PAULEY and Judge De GIULIO concur.

---

**2.** We note that the 1951 Manual for Courts-Martial limited the court's power to make substitute findings in AWOL to bring the time within the Statute of Limitations. (Page 101), Manual for Courts-Martial, United States, 1951, para. 68c.

**3.** We expressly do not rule on what would be the legal result if the government had amended the specification to one alleging assault and battery prior to trial.