UNITED STATES, Appellee,

v.

Sergeant First Class Ira G. GLENN,
526–72–8924, United States
Army, Appellant.

ACMR 8800298.

U.S. Army Court of Military Review.

20 Oct. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Wayne D. Lambert, JAGC, Captain W. Renn Gade, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Martin D. Carpenter, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of members of forcible sodomy upon a child under the age of sixteen years and assault and battery upon a child under the age of sixteen years in violation of Articles 125 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 928 (1982) [hereinafter UCMJ]. His approved sentence included a bad-conduct discharge and confinement for two years.

On appeal, appellant asserts an array of assignments of error, one of which merits remedial action: a contention that the military judge erred by failing to order the charges and specifications amended to allege only that conduct that fell within a period not barred by the statute of limitations. This court specified four additional issues derivative of the statute of limitations issue raised by the appellant.

We find merit in the appellant's allegation of error and, on consideration of other errors appearing of record, order the findings of guilty and sentence set aside and the charges and their specifications dismissed for the reasons set forth below.

## FACTS

Appellant was arraigned upon two charges as follows:

Charge I: Violation of the UCMJ, Article 125.

Specification: In that [appellant] ... did, ... between about August 1982 and about August 1985, commit sodomy with [A.], his daughter, a child under the age of sixteen years, by force and without the consent of the said [A.].

Charge II: Violation of the UCMJ, Article 134.

Specification: In that [appellant] ... did, ... two or three times a week between about August 1982 and about August 1985, take indecent liberties with and perform indecent acts upon the body of [A.], his daughter, a female under the age of sixteen years, not the wife of the said [appellant], by having her undress, by fondling her breasts and vagina, by rubbing his erect penis between her legs until he ejaculated, and by forcing her to take his erect penis in her hand and perform masturbation, which acts were done with intent to gratify the lust, passion, and sexual desires of the said [appellant].

Prior to entering pleas, the appellant moved for dismissal of both charges and their specifications on the grounds that the alleged offenses were committed at a time

outside the statute of limitations. During argument on the motion, the prosecutor admitted that the Specification of Charge II was barred by the statute of limitations, but argued that, because the charges were serious, that the prosecution should be permitted to proceed on the lesser included offense of assault and battery upon a child under the age of sixteen years, which he averred was not barred by the statute.

The military judge then ruled:

My ruling with respect to Charge I and its Specification, that the motion is denied. With respect to Charge II and its Specification, I believe that the Government can proceed on the lesser included offense of assault consummated by a battery as it falls within the statute, but I think the offense as charged would be without the Statute. That is going to require a new flyer, of course.

Thus, the military judge did not dismiss the initial specification pled under Charge II, indecent acts with a child under the age of sixteen years, but submitted what he considered was a lesser included offense to the members for their consideration as to the appellant's guilt or innocence.

A new "flyer" [1] alleging assault and battery was prepared by the prosecutor and shown to the appellant's counsel with a request to state whether the trial defense counsel had any objection. Trial defense counsel made no further objection.[2] The time alleged in the specification of both charges remained as initially pled and no adjustment was made for those periods barred by the statute of limitations. The appellant entered pleas of not guilty and the trial proceeded.

With regard to the elements of Charge I and its Specification, the military judge instructed the court that, in addition to the statutory elements of the offense of sodomy, the court must be satisfied beyond

reasonable doubt that, at the place alleged, "on or about the time between August 1982 and about August 1985, the accused engaged in unnatural carnal copulation with [A.], his daughter, a child under the age of sixteen years" in order to convict.

With respect to the elements of Charge II and its specification, the military judge advised the Court that Charge II and its Specification alleged the offense of assault consummated by a battery upon a child under the age of sixteen years allegedly committed between August 1982 and August 1985. The specification submitted to the court-martial under Charge II was substantially as follows:

Charge II: Violation of the UCMJ, Article 128:

Specification: In that Sergeant First Class Ira G. Glenn ... did ... two or three times a week between about August 1982 and about August 1985, unlawfully touch [A.], his daughter, a female under the age of sixteen years, by fondling her breasts, vagina, by rubbing his erect penis between her legs until he ejaculated, and by forcing her to take his erect penis in her hand and perform masturbation.

The record does not indicate that the convening authority was consulted or advised with regard to the prosecutor's suggestion to proceed on the lesser included offense. Following instructions, the court retired to deliberate and returned a verdict of guilty to all charges and specifications without exception.

## I

Article 43(b)(1), UCMJ, provides in part: Except as otherwise provided in this section, a person charged with an offense is not liable to be tried by court-martial if the offense was committed more than

---

1. This document is presented to the members and sets forth the final form of the charges and specifications upon which the accused is to be tried.

2. Although appellant did not specifically object to this amendment, his motion to dismiss Charge II and its Specification based upon the statute of limitations was sufficient to preserve

for appellate review the legal propriety of the relief granted by the military judge. The doctrine of waiver is inapplicable to a failure to "take exception" to a final ruling by a military judge on an appropriate motion. *Cf. United States v. Gamble*, 27 M.J. 298, 305–307 (C.M.A. 1988).

five years before the receipt of sworn charges and specifications by an officer exercising summary courts-martial over the command.

The foregoing statute is the product of an amendment to the statute effective 14 November 1986. Prior to that date, the pertinent portions of the statute provided:

(b) Except as otherwise provided in this article, a person charged with desertion in time of peace or any offense punishable under sections 919–932 of this title [Articles 119–132, UCMJ] is not liable to be tried by court-martial if the offense was committed more than three years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command.

(c) Except as otherwise provided in this article, a person charged with an offense is not liable to be tried by court-martial or punished under section 815 of this title [Article 15, UCMJ] if the offense was committed more than two years before the receipt of sworn charges and specifications by an officer exercising summary courts-martial jurisdiction over the command or before imposition of punishment under section 815 of this title.

Modern judicial theory looks with favor upon statutes of limitation and they are liberally construed on behalf of an accused in furtherance of their manifest objectives. Military statutes of limitations reflect this policy. *United States v. Rodgers*, 24 C.M.R. 36 (C.M.A.1957). The statute creates a codal right to bar prosecution when the matter appears on the face of the pleadings and is the equivalent of an acquittal when established on the merits of a case. *United States v. Brand*, 29 C.M.R. 669 (N.B.R.1959) (citing *United States v. Barber*, 219 U.S. 72, 78, 31 S.Ct. 209, 211–212, 55 L.Ed. 99 (1911)).

■ In applying the statute of limitations, the term "year" as used in the statute refers to an ordinary calendar year of 365 days or, in a leap year, 366 days. *United States v. Tunnell*, 23 M.J. 110 (C.M.A.1986). In computing the period for application of the statute of limitations, the day upon which the sworn charges are received by the officer exercising summary court-martial jurisdiction is not included when determining the statutory period; the date on which the offense is committed—if it can be ascertained—is an accountable day for the purpose of computing the period. *See United States v. Colley*, 29 M.J. 519 (A.C.M.R.1989). The charges and specifications in the case before us were received by the summary courts-martial convening authority of 16 September 1987.

■ Applying the statute of limitations then in force to the Specification of Charge I (sodomy), the appellant allegedly committed the offense "between about August 1982 and about August 1985." As a three-year statute of limitations was then applicable, any offense committed during the period 1 August 1982 through 15 September 1984, was outside the statute of limitations and therefore barred from prosecution absent a knowing and voluntary waiver by the appellant of the statute of limitations. Accordingly, as no waiver of the statute occurred here, the military judge committed prejudicial error in failing to limit the specification in question to the period 16 September 1984 through August 1985.

■ The evidence of record indicates that an act of sodomy and other alleged indecent acts were committed with or upon the person of the victim. The prosecution failed or was unable to establish the exact dates these various acts took place. The victim did describe generally that some sexually related acts occurred from time to time, usually twice a week, from the time the victim was seven or eight years of age until she moved to Arizona to live with her mother and stepfather in 1985, a period of four to five years. However, the record fails to establish which particular acts to include sodomy occurred at any specific time. Consequently, we cannot determine that an act of sodomy was committed during a period of time within the Statute of Limitations. *See United States v. Prater*, 28 M.J. 818 (A.C.M.R.1989). Accordingly, we will set aside the appellant's conviction because the evidence is insufficient to sus-

tain beyond any reasonable doubt a finding that the alleged act was committed during the period not barred by the statute of limitations. *See United States v. Babcock,* 10 M.J. 503, 505 (N.M.C.M.R.1980).

II

Turning to the Specification of Charge II, the charged acts as originally referred for trial were alleged to have been committed during the same period as was alleged in the Specification of Charge I (sodomy), specifically, "between about August 1982 and about August 1985." However, the statute of limitations as noted above, provides for only a two-year statute of limitations for the offense of indecent acts with a child under the age of sixteen years. Any offense committed during the period alleged was barred from prosecution unless there was a knowing and voluntary waiver of the statute of limitations by the appellant. The appellant invoked the statute of limitations and foreclosed any issue of waiver.

Once the trial judge permitted the prosecution to proceed on a charge of assault and battery upon a child, the specification became one of those offenses permissibly prosecuted under the three-year limitation then in effect. If the judge's ruling was proper, only the period 1 August 1982 through 15 September 1984 was barred by the statute.[3]

■ It is well-settled that the reference of charges for trial by the convening authority is a judicial act and that trial counsel is not authorized to make any substantial changes in the allegations without the express approval of the convening authority. *United States v. Reese,* 42 C.M.R. 565, 566 (A.C.M.R. 18 May 1970) (citing *United States v. Fleming,* 40 C.M.R. 236 (C.M.A. 1969)); *United States v. Ellsey,* 37 C.M.R. 75 (C.M.A.1967). *See generally* Manual

for Courts–Martial, United States, 1984, Rule for Courts–Martial 603 [hereinafter R.C.M.]. However, a trial counsel is, among others, authorized to make minor amendments to the charges and specifications · *prior to arraignment.* R.C.M. 603(b).

■ The trial judge's ruling permitting the court-martial to proceed on the Article 128, UCMJ, offense of assault and battery upon a child rather than dismissing the referred Article 134, UCMJ, offense of indecent acts with a child was the equivalent of an amendment of the charge and specification of Charge II. A minor amendment[4] may be made after arraignment upon motion and with the approval of the military judge at any time before findings are announced if *no substantial right of the accused is prejudiced.* R.C.M. 603(c). Changes or amendments to the charges and/or specifications other than minor amendments may not be made over the objection of the accused unless the charge or specification is preferred anew. R.C.M. 603(d); *United States v. Wilkins,* 28 M.J. 992 (A.C.M.R.1989).

Rule 907 of the Manual provides:

A charge or specification shall be dismissed upon motion made by the accused before the final adjournment of the court-martial in that case if:

.      .      .      .      .

(B) The statute of limitations (Article 43) has run, . . . .

R.C.M. 907.

In the case of *United States v. Arbic,* 36 C.M.R. 448, (C.M.A.1966), the Court of Military Appeals affirmed a conviction based upon an amendment to a charge which reduced a charge of desertion to one of absence without leave. That court noted that a specification may be amended if the charge does not result "(1) in a different offense or in the allegation of an additional

---

**3.** As noted, neither counsel nor the military judge called this matter to the attention of the members and the specification was submitted to them for decision based upon instructions which included the entire period of time initially alleged. This was an obvious and prejudicial error.

**4.** A minor amendment is defined as "any except those which add a party, offense or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged. R.C.M. 603(a).

or more serious offense, or (2) *in raising a substantial question as to the statute of limitations,* or (3) in misleading the accused." *United States v. Arbic,* 36 C.M.R. at 450 (emphasis added). The court found that the amendment was not an unsworn, different offense but a lesser-included offense which did not mislead the accused. *Id.* at 451–452. Because the more serious offense of desertion had been timely preferred within the period permitted by the statute of limitations, the court found that the "tolling of the statute of limitations was within the time prescribed" by the statute of limitations as to both offenses and concluded that amendment did not raise a substantial question as to the statute of limitations. *Id.* at 451.

In *United States v. Whitt,* 21 M.J. 658 (A.C.M.R.1985), this court set aside a conviction based upon an amendment to a specification alleging the offense of lewd and lascivious acts with a female under the age of sixteen years. In *Whitt,* the charge was received by the summary court-martial convening authority on 4 November 1983; technically, this action tolled the statute of limitations as to acts committed after 3 November 1981. The date alleged in the specification was 29 April *1983.* On 7 June 1984, the specification was amended to allege the date 29 April *1982.* The court found that a substantial right of the accused had been prejudiced, the right to assert the statute of limitations in bar of trial. In other words, had the specification been repreferred on 7 June 1984 rather than amended, the accused would have been entitled to assert the plea in bar. Thus, the court held the amendment violated the rule of *United States v. Arbic, supra,* because the amendment raised a substantial question as to the statute of limitations. Addressing a request by appellate government counsel that the court affirm a finding of guilty of the lesser-included, Article 128 offense of assault and battery with its three-year limitation, that court further held that (although they could find no specific law on the subject) considering the purposes of Article 43 as set forth in *United States v. Brand, supra,* and the language of the Article itself,

it would be contrary to logic to allow appellant to be acquitted of lewd and lascivious acts by reason of the statute of limitations and yet stand convicted of an assault consummated by a battery as a lesser included offense of the one barred by the Statute. The court declined to accept the Government's suggestion. *Id.* at 662.

The military judge's ruling permitted what in our view was essentially a minor amendment to the specification within the meaning of R.C.M. 603(a) and (c). However, that ruling permitted the trial counsel to proceed on a charge which would otherwise have been barred by the statute of limitations. The minor amendment in this case, as in the *Whitt* case, denied the appellant a substantial right: the protection of the statute of limitations. As such, the amendment was not a permissible minor amendment of the sort permitted after arraignment by R.C.M. 603(c). Where R.C.M. 907 requires dismissal of the offense referred for trial because it is barred by the statute of limitations (Article 43, UCMJ), there can be no lesser-included offense of the barred offense even though the lesser included offense—had it been preferred and/or referred on its own merit—might have been entirely or partially within the statute of limitations. Only in this manner can the purpose and legislative intent of the statute of limitations be enforced. Accordingly, the military judge committed prejudicial error in permitting the court-martial to consider the so-called lesser included offense of assault and battery upon a child under the age of sixteen years.

In view of the foregoing findings, the appellant's remaining allegations of error are moot.

The findings of guilty and the sentence are set aside, and the charges and their specifications are dismissed.

Judge KANE and Judge WERNER concur.