*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

―――――――――

**UNITED STATES**
Appellant

**v.**

**Antonio T. MOORE, Private**
United States Army, Appellee

**No. 20-0119**
Crim. App. No. 20180692

Argued March 17, 2020—Decided April 30, 2020

Military Judge: Kenneth Shahan

For Appellant: *Captain Allison L. Rowley* (argued); *Colonel Steven P. Haight, Lieutenant Colonel Wayne H. Williams,* and *Major Jonathan S. Reiner* (on brief).

For Appellee: *Major Benjamin A. Accinelli* (argued); *Lieutenant Colonel Tiffany D. Pond* and *Captain Loraima Morciglio* (on brief).

Judge MAGGS delivered the opinion of the Court, in which Chief Judge STUCKY, and Judges RYAN, OHLSON, and SPARKS, joined.

―――――――――

Judge MAGGS delivered the opinion of the Court.

At a rehearing, a military judge sitting as a general court-martial found Appellee guilty, contrary to his pleas, of two specifications of sexual assault, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2012).[1] For these offenses, and several other offenses that had been affirmed in earlier proceedings,[2] the military judge

―――――――――

[1] The military judge dismissed, prior to findings, three other specifications of sexual assault that the convening authority also had referred to the rehearing. The military judge's ruling with respect to those other specifications is not before this Court.

[2] These other offenses included two specifications of willful disobedience, one specification of sexual assault, and one specification of assault consummated by battery, in violation of Articles 90, 120, and 128, UCMJ, 10 U.S.C. §§ 890, 920, 928 (2012). *United States v. Moore*, No. ARMY 20140875, 2017 CCA LEXIS 191, at *2, 2017 WL

sentenced Appellee to confinement for thirteen years and a dishonorable discharge.

In a post-trial motion, Appellee asked the military judge to dismiss the two specifications of sexual assault based on the five-year period of limitations in Article 43(b), UCMJ, 10 U.S.C. § 843(b) (2012). In response, the military judge dismissed one specification in its entirety and a portion of the other specification that addressed conduct occurring outside the five-year period. Pursuant to Article 62(a)(1)(A), UCMJ, 10 U.S.C. § 862(a)(1)(A) (2012), the Government appealed the military judge's ruling on the motion to dismiss to the U.S. Army Court of Criminal Appeals (ACCA). The ACCA initially set aside the military judge's ruling. *United States v. Moore,* No. ARMY Misc. 20180692, 2019 CCA LEXIS 290, at *16–19, 2019 WL 2949389, at *8–10 (A. Ct. Crim. App. July 3, 2019). On reconsideration, however, the ACCA reversed its prior ruling, affirmed the military judge's ruling, and ordered the record to be returned to the military judge for action consistent with its ruling. *United States v. Moore*, No. ARMY Misc. 20180692, 2019 CCA LEXIS 388, at *12–13, 2019 WL 4885895, at *5 (A. Ct. Crim. App. Oct. 2, 2019). The ACCA denied the Government's petition for a rehearing en banc. The Judge Advocate General of the Army then certified the following question to this Court: "Did the Army Court err when, upon reconsideration, it determined that the 5-year statute of limitations barred the rehearing of the two sexual assault specifications?"

## I. Background

The two specifications at issue were designated as Specifications 2 and 3 of Additional Charge I. As initially preferred, Specification 2 alleged that "on divers occasions between on or about 6 November 2012 and on or about 3 July 2013," Appellee sexually assaulted AR "by causing penetration of Ms. AR's vulva with [Appellee's] penis, by causing bodily harm to her, to wit: removing her underwear, placing his hands on her buttocks, and pressing her down with his hands." Specification 3 alleged that Appellee had sexually assaulted AR in the same way "between on or about 28 June 2012 and on or about

---

1136929, at *1 (A. Ct. Crim. App. Mar. 23, 2017), *aff'd*, 77 M.J. 198 (C.A.A.F. 2018).

5 November [2012]." The specifications were preferred on December 11, 2013, and were received by the officer exercising summary court-martial convening jurisdiction the same day.

Following an investigation under Article 32, UCMJ, 10 U.S.C. § 832 (2012), the investigating officer recommended changing the modality of the charged bodily harm from "removing her underwear, placing his hands on her buttocks, and pressing her down with his hands" to the "non-consensual sexual act" itself. The investigating officer explained that he had found no evidence that Appellee had performed the acts averred in the original specification. The convening authority, however, did not amend Specifications 2 and 3 of Additional Charge I at that time and, instead, referred the two specifications as initially preferred.

A general court-martial found Appellee guilty of these two specifications and of other offenses. On appeal, however, the ACCA set aside the findings with respect to these two specifications, and several others, because the military judge had given an improper instruction regarding propensity evidence. *Moore*, 2017 CCA LEXIS 191, at *13–14, 2017 WL 1136929, at *5–6 (citing *United States v. Hills*, 75 M.J. 350, 354 (C.A.A.F. 2016)). The ACCA authorized a rehearing on the specifications that it had set aside. *Id.* at *14, 2017 WL 11366929, at *6. This Court affirmed. *Moore*, 77 M.J. 198.

The convening authority ordered a rehearing. On March 16, 2018, before referring the two specifications at issue to the court-martial, the convening authority amended them in accordance with the investigating officer's earlier recommendation. The amendments changed the modality of causing bodily harm in each specification from "by . . . removing her underwear, placing his hands on her buttocks, and pressing her down with his hands" to "by penetrating her vulva with his penis." As described above, the military judge found Appellee guilty of these specifications but later dismissed one specification and partially dismissed the other specification based on the statute of limitations, and the ACCA affirmed the dismissal of these charges.

## II. Discussion

The parties' positions in this case are easily stated. The Government argues that the statute of limitations for the two

specifications at issue was tolled before the five-year period of limitations had run, on December 11, 2013, when the officer exercising court-martial convening jurisdiction received the specifications. The Government further contends that no subsequent events—the initial trial, the setting aside of the findings on appeal, or the convening authority's amendment of the specifications before referral for rehearing—affected this tolling of the statute of limitations. Appellee responds that, while the convening authority could lawfully amend the specifications before referring them for rehearing, the amendments to the specifications undid the original tolling of the statute of limitations. Appellee further asserts that because the conduct alleged in the amended specifications occurred more than five years before the convening authority made the amendments, the statute of limitations requires dismissal of those specifications. We agree with the Government and disagree with Appellee, based on the text of the relevant UCMJ articles and on our precedent.

## A.

The relevant statute of limitations appears in Article 43(b)(1), UCMJ, which provides:

> Except as otherwise provided in this section (article), a person charged with an offense is not liable to be tried by court-martial if the offense was committed more than five years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command.[3]

The parties agree, correctly in our view, that this provision did not bar the original trial of the two specifications at issue because the offenses alleged in those specifications occurred in 2012 and 2013, and the officer exercising summary court-martial convening jurisdiction received the charge sheet in 2013.

---

[3] The statute of limitations for sexual assault offenses has since been amended to eliminate the limitations period for these offenses. National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1703(a), (c), 127 Stat. 672, 958 (2013) (eliminating any limitations period for Article 120(b) and Article 120b(b), UCMJ, offenses occurring on or after December 26, 2013).

The power of a convening authority to amend charges pursuant to the recommendation of an Article 32, UCMJ, investigating officer is provided by Article 34(c), UCMJ. The applicable version of this article provides: "Before referral for trial by general court-martial or special court-martial, changes may be made to charges and specifications—(1) to correct errors in form; and (2) when applicable, to conform to the substance of the evidence contained in a report under section 832(c) of this title (article 32(c))."[4] The parties agree, also correctly in our view, that this provision authorized the convening authority's changes to the two specifications at issue to make them conform to the evidence. *See United States v. Stout*, 79 M.J. 168 (C.A.A.F. 2019).

The parties' disagreement is about whether the statute of limitations remained tolled after the convening authority amended the two specifications. Appellee contends that the amended specifications are no longer the same specifications that were received by the officer exercising summary court-martial jurisdiction in December 2013 but are instead *new* specifications. He therefore contends that the amendments to the specifications made the previous tolling ineffective. We disagree with Appellee because the text of Articles 34 and 43, UCMJ, and our precedent do not support this position.

Nothing in Article 43, UCMJ, suggests that a charge or specification that was timely when received by the officer exercising summary court-martial jurisdiction might become untimely if the convening authority makes changes to the charge or specification that are authorized by Article 34(c), UCMJ. On the contrary, Article 43, UCMJ, says nothing

---

[4] 10 U.S.C. § 834(c) (2018). We conclude that this version of Article 34, UCMJ, applies because it was the version that was in effect when the convening authority made changes to the specifications on March 16, 2018. We note that Congress slightly changed the text of Article 34(c), UCMJ, in 2016, which was between the time when the charges were first preferred in 2013 and the time when the convening authority made changes in 2018. National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5205, 130 Stat. 2000, 2907 (Dec. 23, 2016) (amending Article 34, UCMJ). This amendment, however, does not appear to have changed the substance of the article and does not affect our analysis.

about amendments, even though amendments are very common. This silence leads us to conclude that Congress chose not to create a different rule for when the statute of limitations is tolled in cases where the convening authority makes authorized amendments.

Likewise, when a convening authority makes changes to charges or specifications that are authorized by Article 34(c), UCMJ, nothing in the language of that article suggests that the convening authority is creating a *new* charge or specification as opposed to merely amending an *existing* charge or specification. And Article 34(c), UCMJ, does not indicate in any way that a properly amended charge or specification must go back to the officer exercising summary court-martial jurisdiction to toll the statute of limitations, or that the date of amendment marks the date when the original charge or specification was considered "received" by that officer. If Congress had intended either of those results, Congress easily could have indicated when changes create new charges and what effect creating new charges would have on the statute of limitations. The silence in Article 34(c), UCMJ, about these subjects leads us to conclude that changes to charges and specifications that are authorized by Article 34(c), UCMJ, do not affect the application of the statute of limitations.[5]

Appellee's position is also contrary to precedent. In *United States v. Arbic*, the officer exercising summary court-martial jurisdiction received a sworn charge against the appellant on January 17, 1964. 16 C.M.A. 292, 292–93, 36 C.M.R. 448, 448–49 (1966). The specification of the charge alleged that the appellant had deserted on August 15, 1962, in violation of Article 85, UCMJ, 10 U.S.C. § 885 (1958). *Id.*, 36 C.M.R. at 448–49. Following an investigation under Article 32, UCMJ, the investigating officer recommended changing the specification to allege the offense of absence without leave in violation of Article 86, UCMJ, 10 U.S.C. § 886 (1958), instead of desertion, and specifying August 10, 1965, as the date when the

---

[5] As noted above, the parties agree that Article 34(c), UCMJ, authorized the changes to the specifications at issue. Accordingly, the question of what kinds of changes are authorized by Article 34(c), UCMJ, is not presented in this case, and we do not address it. *See Stout*, 79 M.J. at 168.

absence without leave had terminated. *Id.* at 293, 36 C.M.R. at 449. On September 24, 1965, the convening authority ordered these amendments to be made and referred the case to a general court-martial. *Id.*, 36 C.M.R. at 449.

The appellant then moved to dismiss the charge and specification based on the period of limitations in Article 43, UCMJ, which at that time was three years for the offense of absence without leave. *Id.*, 36 C.M.R. at 449. The appellant's theory was nearly identical to Appellee's theory in this case. He argued that receipt of the charge and specification by the summary court-martial convening authority on August 15, 1962, did not toll the statute of limitations under Article 43, UCMJ, because the specification as amended by the convening authority was a "new" specification. *Id.*, 36 C.M.R. at 449. The Court, however, rejected the appellant's argument. It concluded that the specification as changed by the convening authority was an "amended" specification and not a "new" specification. *Id.* at 294–95, 36 C.M.R. at 450–51. As a result, the statute of limitations pertaining to the charge and specification were tolled when they were originally received by the court-martial convening authority, not when they were amended. *Id.*, 36 C.M.R. at 450–51.

In *Arbic*, the Court favorably cited dicta in *United States v. Rodgers,* 8 C.M.A. 226, 24 C.M.R. 36 (1957).[6] In *Rodgers,* the government had prepared two charge sheets. The first was received by the officer exercising summary court-martial convening jurisdiction within the period of limitations but the second was received after the expiration of this period. *Id.* at 227–28, 24 C.M.R. at 37–38. The Court held that the government erred in attempting to proceed under the second charge sheet rather than simply amending the original charge sheet as authorized by Article 34, UCMJ. *Id.*, 24 C.M.R. at 37–38. In dicta later quoted in *Arbic*, the Court explained:

---

[6] In *United States v. Miller*, 38 M.J. 121, 124 (C.A.A.F. 1993), this Court overruled language in *Rodgers*, not relevant here, that emphasized the importance of having the original charge *sheet* before the military judge. The Court, however, reaffirmed the principle from *Rodgers* that as long as the charges and specifications remain the "same," the tolling of the statute of limitations does not change. *Id.* at 125.

> It would have been perfectly proper to have brought
> the accused to trial on the original charge sheet
> which was seasonably filed with the officer exercis-
> ing summary court-martial jurisdiction. All that
> would have been necessary was an amendment to
> [the relevant specification].

*Id.* at 230–31, 24 C.M.R. at 40–41. In this case, the Government followed exactly the course recommended in *Rodgers*.

In sum, we find no support for Appellee's position in Articles 34 and 43, UCMJ, and we view his position as contrary to *Arbic* and *Rodgers*. We therefore conclude that the statute of limitations does not require dismissal of any part of the two specifications at issue in this case.

## B.

Two additional points deserve brief mention. First, the ACCA analyzed this case under Rule for Courts-Martial (R.C.M.) 603(d). *Moore*, 2019 CCA LEXIS 388, at *3–7, 2019 WL 4885895, at *2–4. This provision, as it existed prior to 2019, specified that if major changes are made to a specification, the specification must be preferred anew.[7] In *Stout*, this Court held that R.C.M. 603 does not apply when a convening authority amends a specification under Article 34(c), UCMJ, prior to referring it to trial. 79 M.J. at 169–70. Accordingly, whether the amendments to the specifications at issue might be characterized as major or minor is not an issue before us.

Second, Appellee has advanced what we construe as a policy argument for why the tolling of the statute of limitations should occur when a charge or specification is subjected to major amendments rather than when it was initially preferred. Appellee asserts that a major amendment is "functionally" equivalent to a new charge or specification and therefore should be treated as a new charge or specification, particularly when the amendment seems to lessen the Government's burden of proof. We take no position on this policy argument.

---

[7] As amended in 2019, the current version of R.C.M. 603 permits changes to charges and specifications prior to referral regardless of whether they are major or minor.

Policy arguments are relevant to the question whether Congress should amend Articles 34 and 43, UCMJ, not what the text of these Articles currently says.

### III. Conclusion

The certified question is answered in the affirmative. The judgment of the United States Army Court of Criminal Appeals upon reconsideration, and the ruling of the military judge on the motion, dismissing Specification 3 entirely and a portion of Specification 2 of Additional Charge I, are reversed. The case is returned to the Judge Advocate General of the Army for remand to the court-martial for further proceedings consistent with this opinion.